IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEODORE BEASLEY,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY HICKS, KENNEDY HAMILTON, JACK RITTER, TERRY BEEGLE, and DWAYNE BURROWS,<br><br>    Defendants. | Case No. 3:18-CV-01193-NJR-MAB |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Mark A. Beatty (Doc. 82), which recommends that the Motion for Summary Judgment on the Issue of Exhaustion (Doc. 46) filed by Defendants Dwayne Burrows and Terry Beegle be granted. The Report and Recommendation was entered on June 3, 2019. Plaintiff Theodore Beasley filed a timely objection (Doc. 84). For the reasons explained below, the Court adopts the Report and Recommendation and grants the motion for summary judgment.

### BACKGROUND

Beasley filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 on June 4, 2018. (Doc. 1). Beasley asserts that he was attacked by his cellmate and three officers on February 4, 2018, while he was incarcerated at Shawnee Correctional Center ("Shawnee") (Doc. 1). With regard to Defendants Beegle and Burrows, Beasley claims two violations of his Eighth Amendment rights occurred. (Docs. 1, 7). The first violation alleged is

against Defendant Beegle for failing to intervene and protect Beasley from being attacked a second time. (*Id.*). The second alleged violation is against both Defendants Beegle and Burrows for being deliberately indifferent to his medical needs after he was assaulted. (*Id.*).

In November 2018, Defendants Beegle and Burrows filed a motion for summary judgment arguing Beasley failed to properly exhaust his administrative remedies before filing this suit. (Doc. 46). Defendants assert there are only two grievances in the record that mention Beegle and Burrows. Both of these grievances were dated March 18, 2018, and were sent directly to the Administrative Review Board ("ARB") without any institutional responses. Defendants also dispute the credibility of a statement Beasley attached to his Complaint claiming he received no responses to emergency grievances he submitted on February 15, 2018, and March 18, 2018. Defendants argue this statement is not credible as it was written on May 3, 2018, at the same time he mailed his grievances directly to the ARB. Finally, Beasley's cumulative counseling summary shows that he did submit one grievance during his term in segregation on an unrelated matter. Thus, there is evidence Beasley was able to grieve issues during his time in segregation.

Beasley responded by arguing that he filed two emergency grievances on February 15, 2018, regarding Defendants Beegle and Burrows, but he never received a response. (Doc. 51). Beasley stated that, because he was housed in segregation, he did not have access to housing unit mailboxes for the deposit of his emergency grievances addressed to the Chief Administrative Officer ("CAO")—the warden. Instead, he placed them in his cell door for pickup by officers per Shawnee's standard procedure at that time. (Docs. 50,

51).

Beasley further argues that on March 18, 2018, after 30 days of not receiving a response from the CAO, he re-wrote the same emergency grievances and made hand-written copies of them. He then stuck the grievances in his cell door. (Doc. 51; Doc. 81 at p. 17). Beasley maintains that he never received a response to these grievances either.

Beasley also asserts he requested that his counselor, Daniel Lynn, document their communications while he was in segregation and that he kept his counselor verbally informed that he had not received any responses from the CAO concerning his emergency grievances about Defendants Beegle and Burrows. (*Id*.). Beasley argues that because he never received responses to his grievances, his attempts to exhaust his administrative remedies were thwarted by officers who must have destroyed his emergency grievances after taking them from his cell door. (Doc. 50, p. 2). Thus, Beasley contends, he fully exhausted the administrative remedies available to him at that time. (*Id*. at pp. 2-3).

Judge Beatty held an evidentiary hearing regarding the Motion for Smarmy Judgment on April 11, 2019, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). (Docs. 69, 82). Beasley appeared via videoconference. (*Id*.). At the hearing, Beasley testified that he wrote two grievances dated February 15, 2018, pertaining to the incidents at issue in this lawsuit and sent them out, but that he does not know what happened to them. (Doc. 81 at pp. 12-14). Beasley testified that he made copies of these grievances— one of which he sent along with the Complaint in this matter and the other he sent to the Administrative Review Board (Doc. 81 at p. 13). He admitted, however, that there were

no grievances dated February 15, 2018, attached to his Complaint or included in the records produced by the ARB (*Id.*).

Counselor Daniel Lynn also testified at the *Pavey* hearing. Lynn testified that he recalled seeing Beasley in segregation in February 2018 and that Beasley told him he had been turning grievances in but that he had not been getting responses. (Doc. 81 at pp. 45-46). Lynn further testified that Beasley asked him to check and see if he had received any grievances from Beasley, at which point Lynn checked and noted in Beasley's cumulative counseling summary that he did not see any grievances from him. (*Id.* at p. 46). According to Lynn, he told Beasley that if he handed the grievance directly to Lynn, he would guarantee the grievance would get turned in. (*Id.* at p. 32).

After the hearing, Judge Beatty issued his Report and Recommendation to this Court on June 3, 2019, pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b), and SDIL-LR 72.1(a). (Doc. 82).

## DISCUSSION

In his Report and Recommendation, Judge Beatty concluded that Beasley failed to exhaust his administrative remedies as to Defendants Beegle and Burrows. (Doc. 82, p. 7). Judge Beatty specifically noted Counselor Lynn's testimony that he tells inmates in segregation to give him grievances directly to ensure proper submission, and that Beasley's pertinent counseling records show that Counselor Lynn never received grievances from Beasley while he was housed in segregation. (*Id.*). Importantly, Judge Beatty did not find credible Beasley's testimony that he attempted to submit emergency grievances in February and March 2018 but did not receive responses. Furthermore,

although Beasley attached the March 18, 2018 grievances, which contained allegations against Beegle and Burrows, to his Complaint (Doc. 1-1), these grievances were sent directly to the ARB without the required institutional responses (Doc. 82. pp. 8-9). Consequently, Judge Beatty found that Beasley failed to properly exhaust his administrative remedies before filing this lawsuit.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Here, Beasley filed a timely objection to the Report and Recommendation. (Doc. 84). Beasley contends that this Court should reject the Report and Recommendation in whole because Judge Beatty improperly judged the credibility of the witness and because "Defendants failed to establish that there is no genuine issue of material fact." (*Id.* at p. 4). Beasley contends that attempted to follow the rules established by the Shawnee Correctional Center Offender Orientation Manual for submitting grievances while in segregation but that prison employees thwarted his efforts because he never received responses from the CAO. (*Id.* at pp. 1-3).

Contrary to Beasley's argument, at *Pavey* hearings, a court is permitted to make findings of fact and credibility assessments of witnesses. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Magistrate judges are in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995).

In this case, Judge Beatty assessed the credibility of Beasley's statements and found them untrue. It is not the Court's role at this juncture to second-guess Judge Beatty's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations"). Accordingly, the Court defers to Judge Beatty's determination that Beasley was not a credible witness regarding his alleged February 15, 2018 and March 18, 2018 emergency grievances.

The Court further adopts Judge Beatty's finding that Beasley failed to properly exhaust his administrative remedies when he sent his March 18, 2018 grievances directly to the ARB without any institutional responses. Beasley objects to this finding, claiming that the ARB sent the grievance back because it wanted "more information," not because he lacked any required responses. What Beasley leaves out, however, is that the additional information the ARB wanted was "your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable," and "a copy of the Response to the Offender's Grievance, DOC 0047, including the Grievance Officer's and

Chief Administrative Officer's response . . . ." Because Beasley failed to obtain the proper institutional response prior to sending his grievances to the ARB, Defendants' motion must be granted.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Beatty's Report and Recommendation (Doc. 82) and **GRANTS** the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Beegle and Burrows (Doc. 46).

**IT IS SO ORDERED.**

**DATED:** September 17, 2019

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**